UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CORNELIUS JOHNSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-143-HAB-SLC |
| T. HERSHBERGER, et al., | |
| Defendants. | |

## OPINION AND ORDER

Cornelius Johnson, a prisoner proceeding without a lawyer, was ordered to show cause why the initial partial filing fee has not been paid. (ECF 4.) Upon review of his response (ECF 8), the court will proceed to screen the case under 28 U.S.C. § 1915A. He is reminded that he remains obligated to pay the full filing fee over time in accordance with 28 U.S.C. § 1915(b)(2).

As required by 28 U.S.C. § 1915A, the court must screen the complaint (ECF 1) and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Johnson is

proceeding without counsel, and therefore the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Johnson is serving a criminal sentence at Miami Correctional Facility. His claims stem from an incident that occurred at the Allen County Jail when he was a pretrial detainee. Specifically, he claims that on March 24, 2023, he was being transported in the jail van when he bumped his forehead. He alleges that the injury was caused by the fact that the van lacks seatbelts and the driver, Officer Shiling (first name unknown), made some "sudden stops." He claims he was seen by the nurse for this injury, "given aspirin and sent on my way." Based on this incident, he sues Officer Shiling, Allen County Sheriff Troy Hershberger, and the Allen County Sheriff's Department for $1.5 million in damages and other relief.

Because Mr. Johnson was a pretrial detainee when this occurred, his rights arise under the Fourteenth Amendment. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). The "Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). A pretrial detainee states a Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda v. Cty. of Lake*, 900 F.3d 335, 353-54. In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the

Due Process Clause." *Miranda*, 900 F.3d at 353. Thus, allegations of negligence, even gross negligence, do not suffice. *Id.*

Mr. Johnson alleges circumstances suggesting negligence, not objectively unreasonable conduct that would violate the Constitution. *See Dale v. Agresta*, 771 F. App'x 659, 661 (7th Cir. 2019) ("Neither the Supreme Court nor this court has ruled that transporting an inmate without a seatbelt creates an intolerable risk of harm."); *Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996) ("Allegations of a public official driving too fast for the road conditions are grounded in negligence"); *Knee v. Gann*, No. 19-CV-3234-JBM, 2019 WL 6834200, at *1 (C.D. Ill. Dec. 13, 2019) (pretrial detainee who claimed he was not secured by a seatbelt and was injured when transport officer "slam[med] on the brakes" did not state Fourteenth Amendment claim). "To hold otherwise would diminish the civil rights statutes to the equivalent of a body of general federal tort law, and open the courts to a flood of litigation which the framers of § 1983 clearly did not intend." *Hill*, 93 F.3d at 422.

As for Sheriff Hershberger, liability under 42 U.S.C. § 1983 is based on personal responsibility, and he cannot be held liable merely because of his supervisory position. *Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009). There is no indication the Sheriff was in the van or otherwise personally involved in this incident. Supervisory officials can be held liable for a constitutional violation only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). As outlined above, Mr. Johnson has not plausibly alleged that his constitutional rights were violated by Officer Shiling. Even if he had, there is

3

insufficient factual content from which the court could plausibly infer that Sheriff Hershberger knew about any unconstitutional conduct and condoned it, facilitated it, or approved of it.

Likewise, the Sheriff's Department cannot be held liable simply because it employed Officer Shiling at the time of this incident. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). Mr. Johnson may be trying to assert a claim against the Sheriff's Department under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Under *Monell*, municipal entities "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). "The 'official policy' requirement for liability under § 1983 is to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Id.* (citations and internal quotation marks omitted). A plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

There is insufficient factual content in the complaint from which the court could plausibly infer that the Sheriff's Department has adopted an official policy of causing injury to inmates being transported in the jail van. *See Dixon v. Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (under *Monell*, plaintiff must allege that an official policy "was the 'moving force' behind his constitutional injury"). Nor has he plausibly alleged the

4

existence of an official custom by the Sheriff's Department that violated his constitutional rights. *Flores v. City of S. Bend*, 997 F.3d 725, 733 (7th Cir. 2021) (pointing to "a few sporadic examples of an improper behavior" is not enough to establish an official custom under *Monell*).

Therefore, his complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to amend his complaint if, after reviewing the court's order, he believes he can state a plausible claim based on this incident, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **September 15, 2023**, to file an amended complaint; and

(2) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on August 16, 2023.

                                 s/ Holly A. Brady
                                 JUDGE HOLLY A. BRADY
                                 UNITED STATES DISTRICT COURT